Lowrie, Judge,
 

 delivered the opinion of the Court:
 

 The act of 1756, respecting sets-off is copied from the statutes of 2d George 2d, ch. 22, and 8th George 2d, ch. 4. The decisions, therefore, upon those statutes, will he considered as authorities, and aid us in the construction of our act of 1756. The object of this act is to prevent multiplicity of suits. ' It enacts “ that in all cases where there are or shall be mutual debts subsisting between the Plaintiff and Defendant, or if either party sue or be sued, as executor or administrator, &c. where there are mutual debts subsisting between the testator or intestate, and either party, one debt may be set against the other, either by being pleaded in bar or given in evidence on the general issue, on notice given of the particular sum intended to be set-off, and on what account the same is due, notwithstanding such debts shall or may be deemed in Law to be of a diffei’ent nature,” &c. What are and what are not mutual debts, under the statutes of George 2d, have been the subjects of many decisions in the British Courts.
 

 The note on which the present suit is brought, was given by the Defendant to Eli Moore, as administrator of
 
 *355
 
 John Andei’son’s estate. The note for thirty dollars, offered as a set-off, was given by Eli Moore to the Defendant, and is due and owing from the said Eli Moore, in liis individual and private character. Suppose that Eli Moore had brought the suit himself, after the note for thirty dollars, given by him to the Defendant, had become due, and the Defendant, under the plea of set-off, had offered in evidence this note for thirty dollars: Eli Moore must have sued in his character of administrator of Anderson’s estate, and the rule would have applied, “ that the debts which can be set-off,
 
 must be such as are due in the same
 
 “right.” Under this rule it has been decided in the case of Paynter
 
 v.
 
 Walker,
 
 Bull.
 
 N.
 
 P.
 
 179, that if a husband is sued for his own debt, he cannot set-off the debt due to him in right of his wife. The question in Wood
 
 v.
 
 Akins, 2
 
 Esp. Rep.
 
 594, was, whether the debt of the wife,
 
 dum sola,
 
 could be set-off against the demand of the husband in his own right, he not having ordered or directed the debt to be paid, and thereby made it his own debt, subsequent to the marriage
 
 ;
 
 and determined by Eyre, Chief-Justice, that it could not.
 

 By the words “ mutual debts subsisting between the testator ór intestate and either party,” the Court understands that if an executor or administrator were to bring an action in right of his testator or intestate, a debt due and owing from said executor or administrator in his own right to the Defendant, could not be set-off j other-wise the executor would be compelled to pay his own debts with the money of his testator, and, thus commit a
 
 devastavit.
 
 If then, Eli Moore himself, had brought this suit in his character of administrator of Anderson’s estate, and the Defendant could not have set-off the note for thirty dollars, upon the ground “ that the debts were not due and owing in the same right,” it necessarily follows, that the note for forty dollars could not be allowed as a set-off; and if neither could be allowed as a set-off
 
 *356
 
 against Eli Moore, upon the ground before stated, it follows, that neither can be allowed as a set-off against his indorsee. Judgment for the Plaintiff.